**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60052
Summary Calendar

GREG JACKSON d/b/a BOTTOMS UP

Plaintiff-Appellant,

VERSUS

BILLY PICKENS, et al.,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Mississippi
(1:94CV315-B-D)
July 24, 1996

Before REYNALDO G. GARZA, JONES, and BARKSDALE, CIRCUIT JUDGES

PER CURIAM:[*]

### Background

This is an appeal from a ruling of the district court granting summary judgment to the Appellees, various officials of the city of Columbus, Lowndes County, Mississippi ("the City").[1]  Appellant,

---

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1] These officials include Police Officer Billy Pickens, Police Chief Pete Bowen, Mayor Jimmy Fannon and Fire Chief James Massey.

1

one Greg Jackson, challenges that summary judgment, assigning as error the lower court's interpretation of state law.

Concerning the facts of this case there is no controversy. In the summer of 1991, the City successfully annexed a portion of land which included a tavern owned by Jackson called the "Bottoms Up." The Lowndes County Chancery Court approved the annexation in June 1991. Both parties to the annexation appealed to the Mississippi Supreme Court, which affirmed the Chancellor's order on June 23, 1994. Jackson petitioned for rehearing but such request was denied on December 9, 1994. In issuing its mandate, the Mississippi Supreme Court noted that its <u>final</u> judgment had been issued on June 23, 1994.

Subsequent to the Mississippi Supreme Court's June 1994 judgment, the City became responsible for providing public services to the newly-annexed portion of the city. The City also began to enforce its fire safety codes. On or about November 4, 1994, but before the Supreme Court denial of rehearing, the City forced the plaintiff to close the "Bottoms Up" bar for violation of various city codes, particularly those dealing with fire safety.

After closure of his bar, Jackson brought suit against the city officials for depriving him of constitutional rights.[2] His constitutional claims hinge on his argument that while his appeal was still extant (November 1994), the City had no authority to

All the defendants were sued solely in their official capacity.

[2] Jackson made claims under 42 U.S.C. § 1983 pursuant to the First, Fourth, Fifth and Fourteenth Amendments for deprivation of a property interest.

enforce its code provisions in the newly-annexed portion of Columbus. According to Jackson, the annexation decision did not take effect until the required ten days had passed after the Mississippi Supreme Court's December 1994 denial of his petition for rehearing.[3]

The district court granted summary judgment for the officials of the City of Columbus, stating that the Mississippi Supreme Court's decision was "final" on June 23, 1994 and that the annexation decision properly took effect ten days later on July 3, 1994. Jackson then brought this timely appeal.


## Discussion

The assignment of error is reducible to this contention: the lower court erroneously held that the June 1994 judgment of the Mississippi Supreme Court was its _final_ judgment thus entitling the City to enforce its codes in the newly annexed area ten days following. We will review the lower court's grant of summary judgment de novo. Al-Ra'id v. Ingle, 69 F.3d 28 (5th Cir. 1993). In doing so, we reach the same conclusion as the district court.

Under Mississippi law, a Chancery Court annexation decree goes into effect ten days after issuance of the decision, unless an appeal is perfected. Miss. Code Ann. § 21-1-33. At issue in this dispute is when an _appealed_ decree shall take effect. § 21-1-33 provides that

---

[3] The propriety of the original annexation decision and the fire code violations is not at issue in this dispute.

3

> [T]he decree of the chancellor shall become effective after the passage of ten days from the date thereof or, in event an appeal is taken therefrom, <u>within ten days from the final determination of such appeal</u>.

Because Jackson believes that the December 1994 denial of rehearing was the "final determination" of his appeal, he argues that the November closing of his bar was unauthorized.

The district court relied on § 21-1-33 in ruling that the Mississippi Supreme Court's June 23, 1994 "final judgment" was the "final determination" of the dispute. While the district court's logic is plausible, we believe that other code provisions resolve the question before us. Miss. Code Ann. § 21-1-37 specifically addresses appeals from annexation decrees and states that

> If the municipality or any other interested person who was a party to the proceedings in the chancery court be aggrieved by the decree of the chancellor, then such municipality or other person may prosecute an appeal therefrom <u>within the time and in the manner and with like effect as is provided in section 21-1-21</u> in the case of appeals from the decree of the chancellor with regard to the creation of a municipal corporation.

§ 21-1-21 provides that

> If the decree of the chancellor be affirmed by the supreme court, then <u>such decree shall go into effect after the passage of ten days from the date of the *final judgment* thereon</u> . . . .

The language of these code sections is clear. The Chancellor's annexation decree goes into effect, when appealed, ten days from the date of "final judgment." What is the date of final judgment in this case? As noted above, the Supreme Court's order denying Jackson's petition for rehearing declared that

> On the 23rd Day of June, 1994, . . . the Supreme Court of Mississippi <u>entered a final judgment</u> as follows:
> . . . Affirmed on Direct and Cross-Appeals.

4

The judgment of June 23rd was thus the "final judgment" for purposes of §§ 21-1-37 and 21-1-21.

Supporting this assertion is a Mississippi Attorney General opinion that addressed the question of which date was the date of "final judgment" <u>in this particular case</u>.[4] In the Opinion of January 5, 1995, the Attorney General, applying § 21-1-21, stated that

> In accordance with the mandate of December 13, 1994, <u>the date of final judgment affirming the decree of the chancellor is June 23, 1994</u>.

A state supreme court mandate and an attorney general opinion both declaring that the date of final judgment was June 23, 1994, are enough to convince us that Mississippi law requires such. We are not inclined to challenge the Mississippi Supreme Court's own designation of its "final judgment."

June 23, 1994, was the date of "final judgment," and thus the City of Columbus was both required to provide services and entitled to enforce its fire safety provisions in the newly-annexed area as of July 3, 1994 (ten days later). Because Jackson's bevy of civil rights claims was based solely on the unauthorized nature of the November 1994 enforcement action, the district court properly granted summary judgment for the Appellees.

The judgment of the district court must be AFFIRMED.

---

[4] The Tax Assessor of Lowndes County, Mississippi requested an opinion of what the date of final judgment was for purposes of §§ 21-1-21 and 27-35-3 (regarding taxation).